*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0758**

State of Minnesota,
Respondent,

vs.

Willie B. Brown,
Appellant.

**Filed March 2, 2015
Affirmed
Rodenberg, Judge**

Ramsey County District Court
File No. 62-CR-13-7880

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Kirk, Presiding Judge; Ross, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Appellant Willie B. Brown challenges his conviction for possessing burglary or theft tools, arguing that the evidence is insufficient to convict. We affirm.

# FACTS

On the evening of October 11, 2013, Officer Peng Lee of the St. Paul Police Department noticed a large van being driven on a public road without lights. Officer Lee decided to run a computer check of the license plate. The check alerted him that the vehicle had been reported as stolen in Minneapolis. Just as Officer Lee made this discovery, the van pulled over to the side of the road and the occupants began to get out of the vehicle. Officer Lee exited his squad car and announced that he was the police. He ordered the passengers on the right side of the vehicle to lie down while he kept watch over the man who exited the driver's side of the vehicle, later identified as appellant Willie Brown. The van was still running.

Officer Shoua Lor arrived as backup. Officer Lor conducted a frisk of appellant and found a flathead screwdriver on appellant's person. Officer Lor arrested appellant. The two other passengers were also arrested.

Although the van was still running, there were no keys in the ignition. Officers searched the vehicle. They found that the steering column had been damaged in such a way that the van could be started without a key by using a flat object like a flathead screwdriver. Both officers testified that flathead screwdrivers are frequently used to steal vehicles after a steering column has been so damaged.

Appellant was charged with theft of a motor vehicle and possession of burglary or theft tools. A jury found appellant not guilty of theft of a motor vehicle, but guilty of possession of burglary or theft tools.

Appellant appeals his conviction of possessing theft tools, arguing that the evidence is insufficient to prove that he intended to use, or permit the use of, the flathead screwdriver to commit theft.

## DECISION

Appellant makes much of his acquittal of the theft of a motor vehicle charge. He argues that, because the jury did not find him guilty of stealing the van, "the circumstantial evidence did not prove beyond a reasonable doubt that he possessed [the screwdriver] 'with intent to' commit a theft." He contends that his acquittal of the theft charge demonstrates that the jury did not accept that he intended to commit a theft.

Appellant's argument invites us to speculate concerning why the jury acquitted him of the theft charge. But the district court instructed the jury that, to convict appellant of theft, it must find four elements to have been proven beyond a reasonable doubt: (1) that appellant drove the vehicle, (2) that the owner did not give appellant consent to drive the vehicle, (3) that appellant knew, or had reason to know, at the time he took or drove the vehicle that the owner did not give him consent, and (4) that appellant took or drove the vehicle on October 11, 2013 in Ramsey County. *See* 10 *Minnesota Practice* CRIMJIG 16.22 (2014). The jury was required to "find that each of these elements has been proven beyond a reasonable doubt" in order to convict appellant of theft of a motor vehicle. *See id.* The jury's acquittal means only that the state failed to prove at least one of those elements beyond a reasonable doubt. It is not for us to hypothesize, in reviewing the sufficiency of the evidence supporting the possession of burglary or theft tools conviction, which element, or elements, the jury might have found not to have been so

proven. *See State v. Montermini*, 819 N.W.2d 447, 461 (Minn. App. 2012) (stating that an acquittal "shed[s] no light on which circumstances the jury believed or disbelieved").

That said, we analyze the sufficiency of the evidence supporting the conviction for possession of burglary or theft tools as though appellant had never been charged with theft of a motor vehicle. When reviewing the sufficiency of the evidence, we review the record thoroughly to determine whether the trier of fact could have reasonably concluded that appellant was guilty beyond a reasonable doubt. *State v. Ortega*, 813 N.W.2d 86, 100 (Minn. 2012), *State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn. 2010), *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). A guilty verdict will be upheld when the jury could have reasonably found the defendant guilty of the charge, "giving due regard to the presumption of innocence and to the state's burden of proof beyond a reasonable doubt." *Al-Naseer*, 788 N.W.2d at 473 (quotation omitted).

Appellant was convicted of possession of burglary or theft tools, pursuant to Minn. Stat. § 609.59 (2012), which provides: "Whoever has in possession any device, explosive, or other instrumentality with intent to use or permit the use of the same to commit burglary or theft may be sentenced to imprisonment." The only issue in dispute at trial concerning the possession charge was whether appellant possessed the screwdriver with the requisite intent.

There was no direct evidence concerning appellant's intent to commit theft. Therefore, we examine the record to determine whether the circumstantial evidence is sufficient to support appellant's conviction. "A conviction based on circumstantial evidence . . . warrants heightened scrutiny." *Al-Naseer*, 788 N.W.2d at 473. While

4

circumstantial evidence is given the same weight as direct evidence, a conviction based on circumstantial evidence requires that the circumstances proved be consistent with the hypothesis that the defendant is guilty and inconsistent with any other rational or reasonable hypothesis. *State v. Clark*, 755 N.W.2d 241, 257 (Minn. 2008), *see also State v. Tscheu*, 758 N.W.2d 849, 857 (Minn. 2008) (emphasizing that the state's evidence need not exclude all inferences other than guilt but must exclude all *reasonable* inferences other than guilt).

To determine whether the circumstances proved are consistent with appellant's guilt and inconsistent with any other reasonable hypothesis, we apply a two-step analysis. *See State v. Silvernail*, 831 N.W.2d 594, 598 (Minn. 2013). First, we consider the circumstances proved. *Id.* When establishing the circumstances proved, we do not consider every circumstance that may be proved by the evidence. *Tscheu*, 758 N.W.2d at 857-58. Rather, we give due deference to the fact-finder in construing the evidence in the light most favorable to the verdict. *Silvernail*, 831 N.W.2d at 599. Second, we determine whether the circumstances proved are "consistent with guilt and inconsistent with any rational" or reasonable hypothesis, but we do not defer to the jury's choice between inferences that are reasonable. *Id.* (quotation omitted). This analysis requires that we look at the circumstances proved as a whole and not as isolated facts. *Al-Naseer*, 788 N.W.2d at 743. We consider whether the evidence establishes a "complete chain that, in view of the evidence as a whole, leads so directly to the guilt of the defendant as to exclude . . . any reasonable inference other than guilt." *Id.* (quotation omitted). This

5

analysis gives "no deference to the fact finder's choice between reasonable inferences." *Silvernail*, 831 N.W.2d at 599 (quotation omitted).

Whether a defendant possessed the requisite intent under Minn. Stat. § 609.59 "may be drawn from the character of the objects and from the circumstances surrounding [the defendant's] possession." *State v. Conaway*, 319 N.W.2d 35, 41 (Minn. 1982). Here, the state need not link the defendant to any specific past or future burglary. Rather, "[t]he intent necessary is a general intent to use the tools [or permit the use of the tools] in the commission of a burglary [or theft]." *Id.*

When viewed in the light most favorable to the guilty verdict, the evidence proves the following circumstances: Appellant was driving a vehicle that was reported stolen in Minneapolis; there were two men riding as passengers in the vehicle while appellant drove it; the steering column of the vehicle had been damaged in such a way as to allow the driver of the vehicle to start the vehicle with a flat object, such as a flathead screwdriver; appellant had a flathead screwdriver in his pocket; and the vehicle's engine was running but there was no key in the ignition.

Appellant argues that the vehicle's broken steering column and ability to idle without a key in the ignition cannot be part of the circumstances proved because those facts were directly related to the theft charge, which was not proven. However, the circumstances proved must be considered in the light most favorable to the *guilty* verdict. *Silvernail*, 831 N.W.2d at 599. And, as discussed above, it is not our proper role to hypothesize which element or elements of the theft of a motor vehicle charge the jury may have found wanting. In order for the jury to have convicted appellant of possession

6

of burglary or theft tools, it necessarily concluded that a flathead screwdriver is a tool suited to use in the commission of a theft of a motor vehicle and that appellant had such a screwdriver on his person. That the steering column was damaged in such a way that a person could steal the vehicle with a flathead screwdriver is properly to be included in the circumstances proved when viewing the evidence in the light most favorable to the guilty verdict, regardless of whether the jury found the motor vehicle theft charge to have been proven.

Having established the circumstances proved, we next consider whether those circumstances are consistent with guilt and inconsistent with any other rational hypothesis. *Silvernail*, 831 N.W.2d at 599. While we give no deference to the jury's choice between rational inferences, *id.*, "inconsistencies in the state's case or possibilities of innocence do not require reversal of a jury verdict so long as the evidence taken as a whole makes such theories seem unreasonable," *Tscheu*, 758 N.W.2d at 858. We review the circumstances proved "not as isolated facts, but as a whole." *Silvernail*, 831 N.W.2d at 599.

Appellant correctly notes that a screwdriver is not a thing that, by its very nature, proves the intent with which it was possessed. A screwdriver in one's pocket, without more, is insufficient to support a conviction for possession of theft tools. However, appellant possessed a flathead screwdriver as he exited the driver's side of a van that had been reported stolen, had a damaged steering column, and was running without a key in the ignition. The circumstances surrounding appellant's possession of the flathead screwdriver, therefore, give rise to a strong inference that appellant's possession of the

7

flathead screwdriver was with the intent to commit a motor vehicle theft. Any other inference that may be drawn from this set of circumstances as to why appellant carried a flathead screwdriver in his pocket would be mere conjecture. Appellant's brief provides no alternative reasonable inference to be drawn from the entirety of the circumstances, and we are unable to discern any alternative reasonable or rational inferences to be drawn from the evidence other than that, under these extremely unusual circumstances, appellant's possession of the screwdriver was with the intent to commit burglary or theft. Therefore, the evidence is sufficient to support appellant's conviction of possession of theft tools in violation of Minn. Stat. § 609.59.

**Affirmed.**